UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DALE ROBERT WHITE, ET AL. | CIVIL ACTION |
| VERSUS | NO: 11-2186 |
| INTEGRATED ELECTRONIC TECHNOLOGIES, INC., ET AL. | SECTION: R |

**ORDER AND REASONS**

Before the Court is defendant DISH Network Service, LLC's motion to dismiss plaintiffs' Fair Labor Standards Act (FLSA) claims, unfair/deceptive trade practice claim, and unjust enrichment claim, and for fees in connection with the dismissal of the two aforementioned state-law claims. For the following reasons, defendant's motion is denied.

**I.   BACKGROUND**

Defendant Integrated Electronic Technologies, Inc. ("IET") is a satellite TV provider that contracts with DISH Network Service, LLC ("DISH") to install, maintain, and repair satellite TV service for DISH.[1] Defendant IET contracts with individuals to perform these services, and labels them "independent contractors" rather than employees, thereby avoiding certain obligations with

---

[1]   R. Doc. 1 at 3.

respect to those contractors.[2] The named plaintiffs have brought this action under the Fair Labor Standards Act as a collective action, and, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of technicians also classified as independent contractors who have performed contractor work for DISH and IET in Louisiana, Mississippi, and Alabama.[3]

Plaintiffs' original complaint included four claims: (1) violation of the FLSA; (2) unlawful deprivation of wages under the same; (3) unfair or deceptive trade practices under Louisiana, Mississippi, and Alabama statutory law; and (4) unjust enrichment.[4] Defendant DISH moved for dismissal of plaintiffs' FLSA claims against DISH, dismissal of plaintiffs' state law claims, and fees in connection with the dismissal of plaintiffs' statutory state law claims.[5] Following defendant's motion, plaintiffs amended their complaint to include additional factual allegations with respect to their first two claims,[6] state a claim under the Louisiana Wage Payment Act, La. R.S. § 23:631, *et seq.*,[7] and delete their claims for unfair/deceptive trade

---

[2] *Id.*

[3] *Id.* at 8.

[4] *Id.* at 9-12.

[5] R. Doc. 7.

[6] R. Doc. 19.

[7] *Id.* at 6 (as stated in R. Doc. 21 at 13).

2

practices and unjust enrichment.[8] They followed with an opposition to DISH's motion, in which they reiterate that they are "deleting and removing" their third and fourth claims alleging unfair/deceptive trade practices and unjust enrichment, respectively.

In its reply brief, DISH states that its "Rule 12 arguments on the FLSA claims are now moot," following plaintiffs' supplements and amendments to their complaint.[9] Thus, only two issues remain for this Court to decide in this Order: (1) whether dismissal of plaintiffs' unfair/deceptive trade practices and unjust enrichment claims should be with prejudice; and (2) whether DISH's application for $1,938.00 in attorneys' fees for time spent effecting the dismissal of the unfair/deceptive trade practices claim should be granted.[10]

**II. DISMISSAL WITH OR WITHOUT PREJUDICE**

DISH argues that plaintiffs' withdrawn claims should be dismissed with prejudice "based on the reasons stated by DISH in its original memorandum." As DISH recognizes, plaintiffs had a right to amend their complaint as a matter of course under Federal Rule of Civil Procedure 15, and in so doing, plaintiffs

---

[8]  *Id.* at 9 (as stated in R. Doc. 21 at 2-3).

[9]  R. Doc. 29 at 1.

[10]  *See id.* at 2.

voluntarily withdrew two of their state law claims. Since those claims were withdrawn before the Court adjudicated them, there is now nothing left for the Court to dismiss, either with prejudice or without. DISH does not provide any law to the contrary. Defendant's motion to dismiss with prejudice is therefore denied.

**III. ATTORNEYS' FEES**

DISH also requests an award of $1,938.00 in attorneys' fees to compensate for the time spent researching and drafting its motion to dismiss plaintiffs' allegedly frivolous unfair/deceptive trade practices and unjust enrichment claims. As discussed, plaintiffs withdrew these claims before they were adjudicated by the Court. Without an adjudication, these claims were never determined to be frivolous or brought in bad faith. Further, the authority defendant relies upon requires a court finding of frivolousness and/or bad faith before fees may be awarded. *See* La. R.S. § 51:1409(A) ("*Upon a finding by the court* that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs.") (emphasis added); Miss. Code Ann. § 75-24-15(3) ("In any action or counterclaim under this section of this chapter, a *prevailing defendant* may recover ... a reasonable attorney's fee, if in the opinion of the court, said action or counterclaim was frivolous

4

or filed for the purpose of harassment or delay.") (emphasis added); Ala. Code § 8-19-10(a)(3) ("*On a finding by the court* that an action or counterclaim under this section was frivolous or brought in bad faith or for the purpose of harassment, the court shall award to the defendant (or counterclaim-defendant) reasonable attorney's fees and costs.") (emphasis added). Defendant's request for attorneys' fees is therefore denied.

## IV. CONCLUSION

For the foregoing reasons, the Court denies defendant's motion.

New Orleans, Louisiana, this 15th day of March, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE