UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DALE ROBERT WHITE, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-2186**<br> **c/w 12-359** |
| **INTEGRATED ELECTRONIC**<br>**TECHNOLOGIES, INC., ET AL.,**<br>    **Defendants** | **SECTION "E"** |

*Applies to:  Both Cases*

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment on Untimely Claims filed by Defendants Integrated Electronic Technologies, Inc. ("IET") and DISH Network Service L.L.C. ("DISH").[1] Plaintiff Dale Robert White, individually and on behalf of all others similarly situated (collectively "Plaintiffs"), opposes the motion and asks the Court to equitably toll the statute of limitations.[2] Having considered the memoranda of counsel, the record, and the applicable law, the Court concludes that the Motion for Summary Judgment on Untimely Claims should be granted.

### BACKGROUND

On August 31, 2011, Plaintiffs Dale Robert White, Ban Todd Murray, and James Miller filed in this District an FLSA collective action against Defendants IET and DISH. A second collective action was filed by Plaintiffs Tom W. Gibson, Joseph R. Everett, Kenneth Stevens, and Steven H. Baker against IET and DISH in the U.S. District Court for the Southern District of Alabama on October 11, 2011. The second case was transferred to this District and consolidated with this case on February 16, 2012.

---

[1] R. Doc. 133.
[2] R. Doc. 136.

Plaintiffs are technicians who were employed by IET and installed and serviced DISH satellites. The technicians claim they were employees and jointly employed by IET and DISH. They allege Defendants knowingly classified the technicians as independent contractors rather than as employees, and the technicians were deprived of overtime in violation of the FLSA and denied wages to which they were entitled under Alabama, Mississippi, and Louisiana law as a result of Defendants' willful actions. Additionally, Plaintiffs assert violations of the Louisiana Unfair Trade Practices Act, Mississippi Consumer Protection Act, and Alabama Deceptive Trade Practices Act.

On June 6, 2012, Plaintiffs filed a Motion for Conditional Certification of Collective Action under the FLSA, which the Court granted on June 13, 2013. The collective action was conditionally certified with respect to all technicians employed with Defendants for a period beginning three years preceding the filing of Plaintiffs' complaint and through June 13, 2013, the date the Court entered the order certifying the class. There are six named Plaintiffs in this action bringing claims on behalf of themselves and 92 Opt-In Plaintiffs, for a total of 98 Plaintiffs.

Defendants filed the instant Motion for Summary Judgment on Untimely Claims on February 10, 2015 arguing 53 Opt-In Plaintiffs' claims are time-barred.[3] Defendants later supplemented their motion to argue one additional Opt-In Plaintiff's claim is time-barred.[4] Thus, this motion concerns the claims of 54 of the 98 Plaintiffs. Plaintiffs' response does not contest the dismissal of 17 of the technicians identified as unequivocally time-barred.[5] Neither do Plaintiffs dispute that the claims of the

---

[3] R. Doc. 133.
[4] R. Doc. 181.
[5] R. Doc. 136, p. 2.

remaining 37 Opt-In Plaintiffs at issue are time-barred on their face.[6] However, Plaintiffs ask the Court to apply an additional year of equitable tolling because "the unique circumstances of this particular consolidated set of cases" resulted in "several delays . . . that were not the faults of the potential opt-in technicians."[7] In support, Plaintiffs state "potential opt-in plaintiffs were unable to file consent forms with the Court to preserve their FLSA claims or to otherwise join the suit" until the motion for conditional certification and class notice was granted and Plaintiffs' counsel were able to notify the potential opt-in plaintiffs. Plaintiffs argue "[t]he opt-in plaintiffs were therefore substantially prejudiced by the delays" in the Court certifying the class.[8]

Defendants filed a reply in which they assert there is no basis to apply equitable tolling because Plaintiffs fail to cite any evidence supporting their contention that the Opt-In Plaintiffs diligently pursued their claims.[9] Additionally, Defendants contend Plaintiffs' argument about the procedural complexities of this case is essentially an argument for excusable neglect because some Opt-In Plaintiffs had not received notice that other employees filed the collective actions—an argument which another court in this District has rejected.[10]

## LAW AND ANALYSIS

A cause of action under the FLSA "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the

---

[6] *Id.* (stating "Plaintiffs have taken the position, early on, that equitable tolling was necessary and was the appropriate remedy").
[7] *Id.*, p. 4.
[8] R. Doc. 136, pp. 5–6.
[9] R. Doc. 144.
[10] *Id.*

cause of action accrued."[11] An action is commenced for the purposes of calculating the statute of limitations when the complaint is filed.[12] In a collective action, however, this holds true only for named plaintiffs who also file their written consent to become a party plaintiff on that date.[13] For named plaintiffs who do not file their written consent when the complaint is filed or for opt-in plaintiffs, the action is commenced "on the subsequent date on which such written consent is filed in the court in which the action was commenced."[14] In this case, Plaintiffs do not dispute that the Opt-in Plaintiffs' claims at issue in this motion are time-barred, even under the three-year statutory period. However, Plaintiffs ask the Court to equitably toll the statute of limitations for one year.[15]

The Fifth Circuit has adopted a strict view of the FLSA's limitations period, stating "[w]e cannot alter the express terms of the statute."[16] However, principles of equitable tolling apply to cases brought under the FLSA because "the doctrine . . . is 'read into every federal statute of limitations.'"[17] "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."[18] "Equitable tolling applies only in rare and exceptional circumstances," and courts most frequently grant requests for equitable tolling "where the plaintiff is

---

[11] 29 U.S.C. § 255(a).
[12] 29 U.S.C. § 256.
[13] *Id.*
[14] *Id.*
[15] Plaintiffs assert that, should the Court enter such an order, they will work with the Defendants to prepare an acceptable motion to dismiss the 17 Plaintiffs whose claims will remain time-barred. R. Doc. 136, p. 7.
[16] *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983). *See also See McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 808 (S.D. Tex. 2010).
[17] *Israel Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. 08-5105, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009) (McNamara, J.) (quoting *Holmberg v. Ambrecht*, 327 U.S. 392, 397 (1946)). *See also Clay v. Huntington Ingalls, Inc.*, No. 09-7625, 2012 WL 860375, at *4 (E.D. La. Mar. 13, 2012) (Brown, J.); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008) (citations omitted).
[18] *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (internal quotation marks and citation omitted).

actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[19] Courts also grant this remedy when, "despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim."[20] The party invoking equitable tolling bears the burden of justifying the need for equitable tolling of the limitations period,[21] but the decision to ultimately invoke equitable tolling in a particular instance is left to the discretion of the district court, subject to appellate review only for abuse of discretion.[22]

In this case, Plaintiffs bear the burden of showing there exist extraordinary circumstances that would justify equitable tolling of the statute of limitations. Plaintiffs argue that because of "procedural complexities" in this case and "several delays . . . that were not the faults of the potential opt-in technicians," "Plaintiffs' counsel was limited in its ability to notify potential opt-in plaintiffs of this action" until after the Court granted certification, so "the opt-in plaintiffs were unable to file consent forms with the Court to preserve their FLSA claims or to otherwise join the lawsuit" before this time.[23] Because of the unique factual circumstances present in this case, Plaintiffs contend equitable tolling is appropriate in this case.

As Defendants point out, numerous courts have rejected similar arguments, finding delays in certifying a class do not present extraordinary circumstances justifying

---

[19] *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (internal quotation marks and citations omitted).
[20] *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992). *See also Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2014 WL 3853580, at *1 (E.D. La. Aug. 4, 2014) (Berrigan, J.).
[21] *See Mejia,* 2014 WL 3853580, at *1; *Wilson v. Sec'y, Dep't of Veterans Affairs on Behalf of Veterans Canteen Servs.*, 65 F.3d 402, 404 (5th Cir. 1995*), as amended on denial of reh'g* (Nov. 1, 1995); *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992).
[22] *Teemac,* 298 F.3d at 456.
[23] R. Doc. 136, pp. 4–6.

equitable tolling.[24] In one such case in this District, *Mejia v. Brothers Petroleum, LLC*, the plaintiffs likewise argued the limitations period in an FMLA collective action should be equitably tolled "since the court's delay in certifying the class action was beyond their control."[25] In *Mejia*, Judge Berrigan denied a motion for equitable tolling, finding the plaintiffs failed to show that, despite their due diligence in filing the collective action complaint, the delay in certification constituted extraordinary circumstances warranting equitable tolling.[26] Additionally, Judge Berrigan stated the plaintiffs "also failed to provide evidence that potential opt-in plaintiffs were unaware of their rights, barred from asserting their rights, or have been diligently pursuing their rights but have been prevented from joining the action due to reasons beyond their control."[27]

Just as in the case before Judge Berrigan, the Court finds the procedural posture of this case and the delay in certification do not warrant equitable tolling of the untimely claims.[28] The Fifth Circuit has adopted a strict view of the FLSA's limitations period,[29] and "Congress did not provide for tolling while a court considers whether to certify a case as a collective action under the FLSA. Rather, Congress 'expressed concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his

---

[24] *See, e.g.*, *Mejia*, 2014 WL 3853580, at *2; *Sandoz v. Cingular Wireless, LLC*, No. 07-1308, 2014 WL 3045532, at *1 (W.D. La. July 3, 2014); *Rodriguez v. Gold & Silver Buyers, Inc.*, No. 12–1831, 2013 WL 5372529, at (S.D. Tex. Sept. 24, 2013); *Switzer v. Wachovia Corp.*, No. 11–1604, 2012 WL 1231743, at *4 (S.D. Tex. Apr. 12, 2012); *Clay v. Huntington Ingalls, Inc.*, No. 09–7625, 2012 WL 860375, at *4 (E.D. La. Mar. 13, 2012); *Muhammad v. GBJ, Inc.*, No. 10-2816, 2011 WL 863785, at *2 (S.D. Tex. Mar. 9, 2011); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 808–09 (S.D. Tex. 2010).
[25] *Mejia*, 2014 WL 3853580, at *2.
[26] *Id.*
[27] *Id.*
[28] Despite Defendants' reliance on *Mejia* in their briefing of this motion, Plaintiffs' response fails to make any argument as to why Judge Berrigan's reasoning in *Mejia* should not equally apply in this case.
[29] *See Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983); *see also McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 808 (S.D. Tex. 2010).

cause of action by claiming that the limitations period was tolled by the filing of the original complaint.'"[30]

Just as in *Mejia*, neither have Plaintiffs in this case pointed to any evidence showing the Opt-In Plaintiffs with untimely claims individually were unaware of their rights, barred from asserting their rights, or diligently pursued their rights but were prevented from joining the action due to reasons beyond their control. Further, Plaintiffs have offered no explanation for why these 54 Opt-In Plaintiffs were unaware of their rights and deserve equitable tolling while the named Plaintiffs and 38 other Opt-In-Plaintiffs were able to discover their claims and diligently file within the allocated statute of limitations. Accordingly, the Court finds Plaintiffs have failed to meet their burden of showing that this case presents extraordinary circumstances justifying tolling of the statute of limitations for the 54 Opt-In Plaintiffs at issue. Defendants' Motion for Summary Judgment is granted.

## CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment on Untimely Claims is **GRANTED**.[31]

**IT IS FURTHER ORDERED** that the claims of the Opt-In Plaintiffs listed in the chart of Defendants' Supplemental Memorandum in Support of Motion for Summary Judgment on Untimely Claims are **DISMISSED WITH PREJUDICE**.[32]

---

[30] *McKnight*, 756 F. Supp. 2d at 808-09 (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996) (citation omitted)).
[31] R. Doc. 133; R. Doc. 181.
[32] R. Doc. 181. The claims of the following Opt-In Plaintiffs are dismissed with prejudice: Roman Andryunin, Christopher Babineaux, Walter Ballard, Brian Barns, Floyd Buckley, Jr., Hing N. Chim, Kerry Finley, John Giles, Jared Harvey, Mike Ismeil, Christopher Jimenez, Gus Johnson, James Nelms, III, Ariel Perez-Pedroso, Raymond Rachon, Jr., Pedro Suazo, Ronnie Torregano, Mark A. Abbott, Justin

**New Orleans, Louisiana, this 13th day of July, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

Blalock, Jeff Cartwright, Charles Freddy Combest, Jr., Kevin Scott Corley, Michael Douglas, Robert Brad Fussell, Paul Glosson, Jr., Osvaldo Hernandez, Brian Holmes, Shawn Howland, Michael Lagrange, Ira Main, Carl Jeff Melton, Christopher P. Metheny, Henry G. Miller, Johnathan Nall, Brandon Timothy Nelson, Terrance E. Nelson, Jerry Nugent, Kevin Owens, David Pevy, Michael Pierce, Mitchell Powell, Jason Procter, Terril Rogers, Jason M. Smith, Ricky Smith, Richard Staudt, Eric Stinson, Rafael Suarez, Mikel Tittle, Richard Vail, Samuel Vincent, Shareem Williams, Dwight Wilson, Enrique Williams.